IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. _____

| | |
|---|---|
| JOSEPH CANTY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | **(Jury Trial Demanded)** |
| ) | |
| CAROLINA INTERNATIONAL ) | |
| SCHOOL, ) | |
| ) | |
| Defendant. ) | |

## I. INTRODUCTION AND JURISDICTION

1. Plaintiff files this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*. ("Title VII"), and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("§ 1981") alleging race discrimination, hostile work environment and retaliation for having complained of discriminatory practices.

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. §1343, this being a proceeding seeking to enforce rights and remedies secured by Title VII. Jurisdiction is also conferred upon this court by 28 U.S.C. §1331.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §§2201 and 2202, this being an action for declaratory judgment declaring illegal acts of Defendants complained of herein which violate rights secured to the Plaintiff by Title VII.

## II. PARTIES

4. Plaintiff is an African-American male resident of Charlotte, Mecklenburg County, North Carolina.

5. Carolina International School is a private school providing education to students in Concord, Cabarrus County, North Carlina.

## III. FACTS

6. Plaintiff was hired as Head of School in July, 2020 by Defendant. In that capacity, he reported directly to the school's Board of Trustees. He was responsible for the operation of the school which covered grades K through 12. A Principal for the K through 12 grades, Donna Harkey, reported to the Plaintiff. The Plaintiff was not the educational leader of the school, but was ultimately responsible for the operation of the school.

7. Beginning in August, 2020, Plaintiff was subjected to racially motivated conduct and comments from various employees. Plaintiff was falsely accused of being intimidating because of his size and stature, of favoring people of color, and of hiring too many African-Americans, regardless of their superior qualifications.

8. Plaintiff's authority was constantly undermined by white faculty and staff members whose allegations were given credence by the Board of Trustees, specifically by the Board Chair, Kasi Eagle, the Grievance Committee Chair, Sarah Baxter, and the Human Resources Manager, Phyllis Rahilly.

9. Plaintiff was subjected to inappropriate racial comments and stereotypical comments by management, members of the staff and the Human Resources Director. Plaintiff was subjected to demeaning and erroneous social media comments by members of the staff which went unchecked, even though they were reported. Plaintiff reported his concerns about race

discrimination beginning in 2020 and he continued to express those concerns through his termination in July, 2021, including July 23, 2021. He expressed those concerns to the Human Resources Manager, as well as the Board Chair and members of the Board.

10. The Board did not take appropriate actions to address Plaintiff's concerns, either through the Executive Committee or the full Board. When Plaintiff did not receive support or resolution of the issues raised with the Board Chair, he consulted other members of the Board, only to be faced with accusations by the Board Chair that he was creating disharmony on the Board. He was told by the Board Chair that his relationship with her and the school would be threatened if he continued to seek out other Board members for support.

11. Plaintiff attended a meeting on July 26, 2021 with the Board which was called to address his concerns. During the meeting, Plaintiff was subjected to false comments being made about him and veiled threats to terminate him from some of the Board members. The meeting was held by Zoom and he got off the call slightly before 10 p.m. with a very bad headache.

12. On July 27, 2021, Plaintiff went to the hospital because he was having a severe headache and his vision was impaired. While enroute to the hospital, Plaintiff called a Board member to inform him that he was headed to the hospital. Plaintiff was admitted to the hospital and, while being admitted, contacted the new high school Principal, Karen Young, to advise her that he was admitted to the hospital. Upon information and belief, Karen Young communicated that information to all staff, including Human Resources, that he would be out of work for the remainder of that week due to a medical emergency. Plaintiff remained hospitalized for the rest of the week.

13. The following week, Plaintiff communicated with the Board via text on Tuesday to advise that he was back at work and wanted to have a follow up of the July 26, 2021 Board meeting.

14. On August 4, 2021, Plaintiff was notified that he was being terminated because he did not notify the Board that he had a medical emergency. He was told that he was being insubordinate for not contacting the Board and the Board Chair while he was in the hospital.

15. As a result of Defendant's actions, Plaintiff has suffered economic and emotional distress.

## IV. CLAIMS FOR RELIEF

### First Claim for Relief: Race Discrimination – Hostile Work Environment

16. Plaintiff incorporates herein Paragraphs 1 through 15 above.

17. Plaintiff was subjected to racially disparaging remarks during his tenure at the school. He brought the fact that those remarks were being made to the attention of the Board Chair to whom he reported directly. No appropriate action was taken to remedy the behavior. The comments included stereotypical comments about him being a tall, big black man. False allegations were made that he was intimidating when he simply performed his duties and responsibilities by giving instructions to the staff when they were performing their duties. The staff members who made false allegations were white female staff members who did not take kindly to being corrected or directed by the African-American male Head of School.

18. The actions to which the Plaintiff was subjected were pervasive and continued from August of 2020 through July of 2021. At no time during the Plaintiff's complaints was any appropriate action taken to curb the behavior to which Plaintiff was subjected.

19. Defendant's actions violate Title VII and §1981 of the Civil Rights Act of 1866. Defendant's failure to take appropriate remedial action to address the issues raised by management members and staff members left Plaintiff vulnerable to continued harassment by his staff.

4

20. The actions complained of herein affected Plaintiff's work environment, including his having to seek medical attention for severe headaches due to the stress caused by the work environment. In addition, Plaintiff was warned about his efforts to seek redress for the behavior to which he was subjected in a manner which clearly threatened his continued employment.

21. As a result of Defendant's actions, Plaintiff suffered economic loss and emotional distress.

## Second Claim for Relief: Retaliation

22. Paragraphs 1 through 21 above are incorporated herein.

23. Plaintiff engaged in protected activity when he complained about the race discrimination to which he was subjected. Defendant failed to take any appropriate remedial action to curb the behavior. Beginning in 2020 and continuing through July, 2021, Plaintiff made his complaints of race discrimination known to the Board Chair, the Grievance Committee Chair and the Human Resources Director. Plaintiff was terminated from his employment allegedly for insubordination for not notifying the Board that he was hospitalized, despite the fact that he had notified one Board member when he was on the way to the hospital and subsequently the Principal of the school once he was admitted to the hospital. But for Plaintiff's complaints of discrimination, his employment with Defendant would not have been terminated. Defendant's actions constitute retaliation under Title VII of the Civil Rights Act and §1981 of the Civil Rights act of 1866.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on January 8, 2023, Charge No. 430-2022-00865. The Equal Employment Opportunity Commission issued Plaintiff a dismissal and notice of rights on June 16, 2023. Plaintiff is filing this Complaint within ninety (90) days of the date of the receipt of the Right to Sue letter, has complied with all jurisdictional requirements of Title VII, and has exhausted all administrative prerequisites to instituting this proceeding.

## VI. JURY TRIAL DEMAND

25. Plaintiff hereby demands a trial by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the work environment be remedied in full and that the court, after a jury trial:

a. Declare the actions complained of herein to be illegal;

b. Issue an injunction enjoining the Defendant, its agents, employees, successors, attorneys and those acting in concert or participation with the Defendant and at its direction from engaging in the unlawful practices set forth herein and any other employment practice shown to be in violation of Title VII and §1981;

c. Award Plaintiff compensatory damages for pain and suffering and infliction of emotional distress;

d. Award Plaintiff back pay, front pay, and complete make whole relief;

e. Award Plaintiff his costs and expenses in this action, including reasonable attorney's fees, other litigation expenses; and

f. Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This 13th day of September, 2023.

/s/ *Geraldine Sumter*
Geraldine Sumter
N. C. Bar No. 11107
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
Email: gsumter@fergusonsumter.com

Attorney for Plaintiff